[No. B003798. Second Dist., Div. One. Apr. 10, 1984.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
KENNETH RICARDO THOMPSON, Real Party in Interest.

[No. B004046. Second Dist., Div. One. Apr. 10, 1984.]

WALTER CULBERTSON, Petitioner v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
KENNETH RICARDO THOMPSON, Real Party in Interest.

COUNSEL

Robert H. Philibosian, District Attorney, Harry B. Sondheim and Dirk L. Hudson, Deputy District Attorneys, and John F. M. Rodriguez for Petitioners.

No appearance for Respondent.

Wilbur F. Littlefield, Public Defender, Laurence M. Sarnoff, Michael M. Duffey and Albert J. Menaster, Deputy Public Defenders, for Real Party in Interest.

OPINION

THE COURT.*—The People's petition for writ of mandate and/or prohibition (B003798), filed February 22, 1984, the opposition thereto, filed March 8, 1984, and the petition of Walter Culbertson (B004046), filed March 7, 1984, hereby consolidated by order of this court, have been read and considered.

*Before Lillie, Acting P. J., Hanson (Thaxton), J., and Dalsimer, J.

Real party in interest Kenneth Ricardo Thompson was convicted by plea of battery that took place on a school campus. (Pen. Code, §§ 242, 243.) The victim of the battery, Walter Culbertson, was not notified of the sentencing hearing. In the absence of the victim, the respondent court suspended proceedings and ordered probation for five years, with various conditions. The probation officer's report included statements by the victim.

At a February 2, 1984, hearing on a motion to vacate the judgment and to set aside the order granting probation, the respondent court stated that it had proceeded at the sentencing hearing in the absence of the victim on the assumption that the victim had been notified, but had chosen not to attend. The court denied the motion.

█ The People and the victim complain that the order of probation is unlawful in that the victim was not notified of the sentencing date.

█ It appears that the provisions of the California Constitution, article I, section 28,[1] and Penal Code section 1191.1,[2] are directory, as distin-

---

[1] California Constitution, article I, section 28, provides, in pertinent part: "The People of the State of California find and declare that the enactment of comprehensive provisions and laws ensuring a bill of rights for victims of crime, including safeguards in the criminal justice system to fully protect those rights, is a matter of grave statewide concern. [¶] The rights of victims pervade the criminal justice system, encompassing not only the right to restitution from the wrongdoers for financial losses suffered as a result of criminal acts, but also the more basic expectation that persons who commit felonious acts causing injury to innocent victims will be appropriately detained in custody, tried by the courts, and sufficiently punished so that the public safety is protected and encouraged as a goal of highest importance. [¶] Such public safety extends to public primary, elementary, junior high, and senior high school campuses, where students and staff have the right to be safe and secure in their persons. [¶] To accomplish these goals, broad reforms in the procedural treatment of accused persons and the disposition and sentencing of convicted persons are necessary and proper as deterrents to criminal behavior and to serious disruption of people's lives. [¶] (b) It is the unequivocal intention of the People of the State of California that all persons who suffer losses as a result of criminal activity shall have the right to restitution from the persons convicted of the crimes for losses they suffer. [¶] Restitution shall be ordered from the convicted persons in every case, regardless of the sentence or disposition imposed, in which a crime victim suffers a loss, unless compelling and extraordinary reasons exist to the contrary. The Legislature shall adopt provisions to implement this section during the calendar year following adoption of this section. [¶] (c) All students and staff of public primary, elementary, junior high and senior high schools have the inalienable right to attend campuses which are safe, secure and peaceful."

[2] Penal Code section 1191.1 provides: "The victim of any crime, or the next of kin of the victim if the victim has died, has the right to attend all sentencing proceedings under this chapter and shall be given adequate notice by the probation officer of all sentencing proceedings concerning the person who committed the crime. [¶] The victim or next of kin has the right to appear, personally or by counsel, at the sentencing proceeding and to reasonably express his or her views concerning the crime, the person responsible, and the need for restitution. The court in imposing sentence shall consider the statements of victims and next of kin made pursuant to this section and shall state on the record its conclusion concerning whether the person would pose a threat to public safety if granted probation. [¶] The provisions of this section shall not be amended by the Legislature except by statute passed in each house by rollcall vote entered in the journal, two-thirds of the membership concurring, or by a statute that becomes effective only when approved by the electors."

guished from mandatory, in their effect. The failure of the probation officer to comply with that officer's duty to notify the crime victim of the probation and sentencing hearing, and the resultant absence of the victim at such hearing, does not deprive the trial court of its jurisdiction to proceed.

 No procedures to enforce the duty of notification or remedies for the failure to do so are provided by the constitutional provision in article I, section 28, as reflected in Penal Code section 1191.1, or by the Legislature in Penal Code section 1191.2.[3] Unless and until the Legislature establishes appropriate guidelines to accomplish the purpose of Penal Code section 1191.1, this court has no authority to afford any relief.

The petitions are denied.

Petitioners' application for a hearing by the Supreme Court was denied May 31, 1984.

---

[3]Penal Code section 1191.2 provides: "In providing notice to the victim pursuant to Section 1191.1, the probation officer shall also provide the victim with information concerning the victim's right to civil recovery against the defendant and the victim's opportunity to be compensated from the Restitution Fund. This information shall be in the form of written material prepared by the Judicial Council and shall be provided to each victim for whom the probation officer has a current mailing address."