[No. A036221. First Dist., Div. One. Mar. 20, 1987.]

MELISSA J., a Minor, etc., et al., Petitioners, v.
THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent;
CARL EDWARD WILLIAMS, Real Party in Interest.

COUNSEL

Moss & Murphy and Glen L. Moss for Petitioners.

No appearance for Respondent.

David P. Weaver, Jr., for Real Party in Interest.

Wilbur F. Littlefield, Public Defender (Los Angeles), Laurence M. Sarnoff and Albert J. Menaster, Deputy Public Defenders, as Amici Curiae on behalf of Real Party in Interest.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Martin S. Kaye and Catherine A. Rivlin, Deputy Attorneys General, as Amici Curiae, upon the request of the Court of Appeal.

OPINION

**WHITE, P. J.—**

PETITION FOR WRIT OF MANDATE/PROHIBITION

This petition, brought by the victim of criminal conduct and by her mother, challenges a ruling terminating restitution to the victim. The ruling was made without notice to the victim or an opportunity to object to the defendant's motion to terminate restitution. We conclude that the court violated Penal Code section 1191.1, a provision added as part of Proposition 8, "The Victims' Bill of Rights," adopted June 8, 1982. We set aside the order terminating restitution.

Carl Edward Williams was convicted of molesting Melissa J., who is now nine years old. As part of his probation order, he was ordered to pay the victim $400 per month for psychological counseling with her chosen therapist. Melissa J. entered a therapeutic relationship with a counselor and was said to be progressing well when, on August 12, 1986, she was first notified

that a week earlier the court had ordered termination of the restitution requirement. Notice came in a letter from a probation officer, with a copy of the order attached. The letter advised her that she would be responsible for the cost of any treatment received after July 30, 1986. Fearing that the trial court might not consider her a party to the proceeding to terminate restitution and therefore might not consider a motion for relief from that order, petitioner filed a petition for extraordinary relief in this court.

Penal Code section 1191.1 provides, in pertinent part: "The victim of any crime, or his or her parent or guardian if the victim is a minor . . . has the right to attend all sentencing proceedings under this chapter and shall be given adequate notice by the probation officer of all sentencing proceedings concerning the person who committed the crime. [¶] The victim, or his or her parent or guardian if the victim is a minor . . . has the right to appear, personally or by counsel, at the sentencing proceeding and to reasonably express his or her views concerning the crime, the person responsible, and the need for restitution. The court in imposing sentence shall consider the statements of victims, parents, or guardians . . . made pursuant to this section . . . ."

On its face, section 1191.1 imposes upon the probation officer a requirement to notify the victim of "all sentencing proceedings." However, in *People v. Superior Court (Thompson)* (1984) 154 Cal.App.3d 319 [202 Cal.Rptr. 585], the court concluded that the requirements of section 1191.1 were "directory, as distinguished from mandatory" and that "[t]he failure of the probation officer to comply with that officer's duty to notify the crime victim of the probation and sentencing hearing, and the resultant absence of the victim at such hearing, does not deprive the trial court of its jurisdiction to proceed." (*Id.* at pp. 321-322.)

We need not disagree with the *Thompson* court's analysis of section 1191.1 in order to conclude that the requirements of section 1191.1 have greater force under the circumstances of our case. *Thompson* involved failure to notify a victim of the initial sentencing hearing at which the court suspended proceedings and ordered the defendant on probation, and did not involve the issue of restitution rights of the victim. Proper determination of restitution rights cannot take place without notice and an opportunity for the victim to be heard. Thus, as to restitution, the notice and right to appear requirements are mandatory. If the requirements are not satisfied, the victim may challenge a ruling regarding restitution.

We conclude that the court erred in terminating restitution without first satisfying itself that petitioner had been properly notified of the hearing. We

might legitimately have declined to entertain this petition on the ground that petitioner could have received the same relief by moving the trial court to vacate its ruling terminating restitution. But petitioner's fear that such a motion would not be entertained below is understandable. ■ The victim is not considered a party to a criminal proceeding. However, where the court has issued an order concerning restitution, the victim may assert his or her legitimate rights by the procedures available to parties. Thus, in future cases, victims not notified of proceedings will be required to exhaust their remedies in the trial courts before seeking relief in appellate courts.

We issue a peremptory writ of mandate in the first instance. Such a procedure is proper, as we have advised real party in interest that we might act by a peremptory writ in the first instance (Code Civ. Proc., § 1088; *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177-180 [203 Cal.Rptr. 626, 681 P.2d 893]).

Let a peremptory writ of mandate issue directing the Alameda County Superior Court to set aside its order terminating the restitution provision in Carl Edward Williams's probation order.

Barry-Deal, J., and Merrill, J., concurred.

A petition for a rehearing was denied April 20, 1987, and the opinion was modified to read as printed. The petition of real party in interest for review by the Supreme Court was denied June 3, 1987.