942 F.2d 790
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rodney BROWNE, Plaintiff-Appellant,
v.
SHASTA COUNTY, Stephen S. Carlton, Sheriffs Department, et
al., Defendants-Appellees.
 No. 90-16782.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1991.*
Decided Aug. 29, 1991.
 
 Before BROWNING, FARRIS and WILLIAM A. NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rodney Browne appeals the district court's dismissal for failure to state a claim of his civil rights action alleging that his civil rights were violated when defendant Alan Bradley was improperly released from prison in violation of California law.[1] Browne argues that the California statutes regarding release of prisoners and plea bargaining create a liberty interest which is protected by the fourteenth amendment. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review de novo a district court's dismissal of an action for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Sundance Land Corp. v. Community First Fed. Sav. & Loan Ass'n, 840 F.2d 653, 655 (9th Cir.1988). All material allegations in the complaint are taken as true and construed in the light most favorable to the appellant. Id.
 
 
 4
 To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing a person acting under color of state law deprived the plaintiff of a right, privilege, or immunity secured by the United States Constitution. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). "The first inquiry in any section 1983 suit ... is whether the plaintiff has been deprived of a right secured by the Constitution and laws of the United States." Martinez v. California, 444 U.S. 277, 284 (1980). A state statute may create a liberty interest that is protected by the Due Process clause of the Constitution. Greenholtz v. Inmates of the Neb. Penal & Correctional Complex, 442 U.S. 1, 11-12 (1979). The statute must use specific, mandatory language to create a legitimate expectation in a substantive liberty interest. Id. Particularized standards or criteria must curtail the discretion of the decisionmakers. Olim v. Wakinekona, 461 U.S. 238, 249 (1982).
 
 
 5
 Here, Browne alleges that his constitutional rights were violated when Alan Dale Bradley, a convicted felon and career criminal, was released from prison on his own recognizance in violation of California law.[2] Six months after his release, Bradley assaulted and injured Browne. Browne argues that the California State Constitution and statutes regarding release of prisoners and plea bargaining use mandatory language and therefore create a constitutionally protected liberty interest. Browne relies on two specific provisions. Cal.Penal Code § 1192.7(a) provides:
 
 
 6
 Plea bargaining in any case in which the indictment or information charges any serious felony ... is prohibited, unless there is insufficient evidence to prove the People's case or testimony of a material witness cannot be obtained or a reduction or dismissal would not result in a substantial change in sentencing.
 
 
 7
 (c) As used in this section, "serious felony" means any of the following: ... (8) Any other felony in which the defendant inflicts great bodily injury on any person, other than an accomplice, or any felony in which the defendant uses a firearm; ..."
 
 
 8
 The California State Constitution, Article I, Section 28(e) provides:
 
 
 9
 [N]o person charged with a commission of any serious felony shall be released on his or her own recognizance.
 
 
 10
 Browne argues that the language in these provisions creates a liberty interest in "the orderly pursuit of happiness by free men." Board of Regents v. Roth, 408 U.S. 564, 572 (1972). Specifically, he argues that this liberty interest includes "the right to be free from conduct in which state officials release career criminals like Bradley back into the community where those criminals can continue their life of crime and assaultive behavior."
 
 
 11
 The statutes which Browne cites do not create a constitutionally protected liberty interest in his favor. "Process is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement." Olim, 461 U.S. at 250. In order to create a liberty interest, the statutory or regulatory scheme must place particularized limits on official discretion, thereby creating an entitlement or expectation under the scheme. Id. at 249. That is not the case here. The statutes do not create a protectible entitlement or expectation in the general public that state officials will not release criminals. Further, the California Court of Appeal has held that the language of article I, section 28, the Victim's Bill of Rights, is not mandatory. People v. Superior Court (Thompson), 154 Cal.App.3d 319, 321-22, 202 Cal.Rptr. 585, 586 (1984). Thus, because Browne does not have a protectible liberty interest, his complaint fails to state a claim.
 
 
 12
 Further, Browne's claim also fails to allege state action. Bradley's action was too remote a consequence of his release from prison to be characterized as state action, especially where the state officials were not aware that Browne, as opposed to the public at large, faced any special danger. See Martinez v. California, 444 U.S. 277, 285 (1980). Bradley was in no sense an agent of the parole board. Id.
 
 
 13
 Thus, Browne's complaint failed to allege either a constitutionally protected liberty interest or state action.[3] Accordingly, we affirm the district court's dismissal of Browne's section 1983 action.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court exercised its discretion to dismiss Browne's pendent state law claims without prejudice
 
 
 [2]
 Bradley's original seven-year sentence for assault with a firearm was recalled pursuant to Cal.Penal Code § 1170(d) because he agreed to testify for the prosecution in a murder trial. Dix. v. Superior Court (People), 53 Cal.3d 442, 448, 807 P.2d 1063, 1064, 279 Cal.Rptr. 834, 835 (1991)
 
 
 [3]
 Because we conclude that Browne's complaint failed to allege a constitutionally protected right or state action, we do not reach the issue of whether any of the defendants were entitled to absolute or qualified immunity. See Martinez, 444 U.S. at 284