Filed 10/30/13  P. v. Weber CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>MARCIA WEBER,<br><br>　　　Defendant and Appellant. | B244008<br><br>(Los Angeles County<br>Super. Ct. No. YA072739)<br><br>**ORDER MODIFYING OPINION AND DENYING REHEARING**<br><br>**[No Change in Judgment]** |

THE COURT:


It is ordered that the opinion filed herein on October 4, 2013, be modified as follows:

Page 2:　　　Delete footnote 1 and replace it with the following footnote:

　　　　　　Defendant was tried along with a codefendant, James Joseph Weber.

This modification does not effect a change in judgment.

The Appellant's Petition for Rehearing is denied.

Filed 10/4/13 (unmodified version)

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>MARCIA WEBER,<br><br>  Defendant and Appellant. | B244008<br><br>(Los Angeles County<br>Super. Ct. No. YA072739) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Steven Van Sicklen, Judge. Affirmed.

Haney Law Group, Steven H. Haney, Paul Eisner for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, James William Billderback II and Scott A. Taryle, Deputy Attorneys General, for Plaintiff and Respondent.

_____

After waiving a jury trial, defendant Marcia Weber[1] was convicted by the trial court on April 28, 2010, of one count of theft from an elder or dependent adult (Pen. Code, § 368, subd. (d)).[2]  The trial court found true the allegation that in the commission of the crime, defendant intentionally took, damaged, and destroyed property exceeding $150,000 in value under former section 12022.6, subdivision (a)(2).[3]

The trial court suspended sentencing and granted defendant five years of formal probation, with the condition that she serve 145 days in county jail, the equivalent of time served.  The court ordered defendant to make restitution to the estate of the victim pursuant to section 1202.4, subdivision (f), in an amount to be determined at a later restitution hearing.

Defendant appeals on the grounds that:  (1) the July 11, 2012 restitution order (the July 2012 order) modifying the prior restitution orders was erroneous and substitutes a wholly new restitution order; (2) the July 2012 order was an untimely modification of the judgment; (3) the July 2012 order is void as a matter of law for lack of notice and opportunity to be heard, and it resulted in a denial of defendant's right to due process; (4) even if the court could modify the December 3, 2010 stipulation, the estate was not entitled to an order for interest before December 3, 2010, and only thereafter on past due installments as a matter of law.

## FACTUAL AND PROCEDURAL HISTORY

On October 18, 2010, the trial court noted that it had read and considered the diagnostic study of defendant from the Department of Corrections and Rehabilitation,

---

[1]     Defendant was tried and convicted along with a codefendant, James Joseph Weber.

[2]     All further references to statutes are to the Penal Code unless otherwise stated.

[3]     The reporter's transcript from defendant's trial is not part of the record.  The probation report indicates that an audit of the victim's finances by her conservator showed that $434,812.26 had gone missing from the victim's estate during a four-year period.  The entire amount was taken by means of checks and ATM withdrawals by defendant and her son, who were longtime friends of the victim.

which the court had ordered at a previous hearing. After sentencing defendant, the court ordered her to make restitution to the victim, the estate of Philippa Lucille Johnston (the Estate), pursuant to section 1202.4, subdivision (f), at an amount to be determined at a restitution hearing.

The parties had reached an agreement on victim restitution by the time of the December 3, 2010 restitution hearing. Pursuant to the agreement, the trial court ordered defendant to make restitution pursuant to section 1202.4, subdivision (f) in the amount of $700,000. The parties agreed there was an offset for money previously paid in the amount of $285,454.01. The balance was $414,545.99. The court ordered defendant to report to a financial evaluator to set up a payment plan, and it set a hearing on the evaluator's report for February 9, 2011. At that hearing, the court indicated it had read and considered the report. The parties stipulated to monthly payments of $1,000.00 by defendant toward restitution directly to the Estate.

The record shows that on or before July 11, 2012, an attorney representing the Estate applied for an abstract of the judgment entered on December 3, 2010. The Order for Restitution and Abstract of Judgment was filed on July 11, 2012. It states that in case No. YA072739, defendant stipulated to the amount of restitution to be ordered and that the court ordered the defendant to pay restitution to the Estate in the amount of $700,000.00 plus interest at 10 percent per year from the date of March 15, 2006, the date of loss.

On August 6, 2012, defendant filed a motion to vacate, expunge, and set aside the July 2012 Order and Abstract of Judgment, and she also sought monetary sanctions against the attorneys for the Estate. The motion asserted that the order was contrary to the original order, was issued without notice of hearing or due process of law, incorrectly stated that interest is owed, and incorrectly stated the amount of restitution owed.

The Estate filed an opposition. On August 31, 2012, the trial court denied defendant's motion to vacate, ruling that the statute required the trial court to impose interest as a matter of law.

3

## DISCUSSION

### I. The July 2012 Order Was a Proper Modification

Defendant points out that the original restitution order of December 3, 2010, established the amount of restitution as the stipulated amount of $700,000.00. The stipulation acknowledged that defendant had paid $285,454.01 already and the balance owing was $414,545.99. There was no mention of interest prior to the July 2012 order. Therefore, the claim by the Estate that interest was to be paid from the March 15, 2006 date of loss contradicts the stipulation between the parties as well as the superior court's December 3, 2010 order. Therefore, the July 2012 order substitutes a completely different restitution order.

We disagree with defendant. Section 1202.4, subdivision (f) provides in pertinent part as follows: ". . . in every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court. If the amount of loss cannot be ascertained at the time of sentencing, the restitution order shall include a provision that the amount shall be determined at the direction of the court. The court shall order full restitution unless it finds compelling and extraordinary reasons for not doing so, and states them on the record. . . . [¶] (1) The defendant has the right to a hearing before a judge to dispute the determination of the amount of restitution. The court may modify the amount, on its own motion or on the motion of the district attorney, the victim or victims, or the defendant. If a motion is made for modification of a restitution order, the victim shall be notified of that motion at least 10 days prior to the proceeding held to decide the motion. [¶] . . . [¶] (3) To the extent possible, the restitution order shall be prepared by the sentencing court, shall identify each victim and each loss to which it pertains, and shall be of a dollar amount that is sufficient to fully reimburse the victim or victims for every determined economic loss incurred as the result of the defendant's criminal conduct, including, but not limited to, all of the following: [¶] (A) Full or partial payment for the value of stolen or damaged property. . . . [¶] . . . [¶]

4

(G) Interest, at the rate of 10 percent per annum, that accrues as of the date of sentencing or loss, as determined by the court. . . ."

Section 1202.4 clearly mandates the imposition of interest on every award of victim restitution. Therefore, the apparent failure to note the interest requirement on the original restitution order resulted in a sentence that was invalid. (*People v. Rowland* (1997) 51 Cal.App.4th 1745, 1751; see also *People v. Brown* (2007) 147 Cal.App.4th 1213, 1225 & fn. 7; *People v. Bernal* (2002) 101 Cal.App.4th 155, 164-165.)

Section 1202.46 provides: "Notwithstanding Section 1170, when the economic losses of a victim cannot be ascertained at the time of sentencing pursuant to subdivision (f) of Section 1202.4, the court shall retain jurisdiction over a person subject to a restitution order for purposes of imposing or modifying restitution until such time as the losses may be determined. Nothing in this section shall be construed as prohibiting a victim, the district attorney, or a court on its own motion from requesting correction, at any time, of a sentence when the sentence is invalid due to the omission of a restitution order or fine without a finding of compelling and extraordinary reasons pursuant to Section 1202.4" Therefore, as the statute provides, the trial court could modify defendant's restitution order at any time. (See *People v. Brown*, *supra*, 147 Cal.App.4th at p. 1225, fn. 7.) Section 1203.3, subdivision (b), which describes the limitations on the court's authority to revoke, modify, change, or terminate probation, provides that "Nothing in this section shall be construed to prohibit the court from modifying the dollar amount of a restitution order pursuant to subdivision (f) of Section 1202.4 at any time during the term of the probation." (§ 1203.3, subd. (b)(5).)

Merely because the error may be categorized as judicial error does not signify that it cannot be corrected by the trial court, as defendant asserts. Judicial error may be corrected by the trial court or a reviewing court if the original sentence was invalid. (*People v. Chagolla* (1983) 144 Cal.App.3d 422, 434.) Also contrary to defendant's assertion, the scope of section 1202.46 is not limited to situations where the amount of restitution is not ascertainable at the time of sentencing. (*People v. Moreno* (2003) 108 Cal.App.4th 1, 10.) Finally, under section 1202.4, the trial court may determine that

5

interest accrues as of the date of loss, as occurred in this case. The date appears to be justified, since the information alleged that defendant's fraudulent conduct occurred on or between January 1, 2003 and April 12, 2006. Accordingly, the July 2012 order constituted a valid modification of the restitution order.

## II. The July 2012 Order Was Timely

As noted in the previous section, the trial court's apparent failure to award interest in the restitution order resulted in an invalid sentence and could be corrected at any time. (§ 1202.46; *People v. Brown*, *supra*, 147 Cal.App.4th at p. 1225, fn. 7; *People v. Moreno*, *supra*, 108 Cal.App.4th at p. 10.) In the context of the timeliness issue, defendant also contends that the July 2012 order was a modification of the terms of her probation, since the trial court stated the restitution was one of the conditions of her probation. Therefore, she asserts, this modification required her consent.

As noted, section 1203.3 places certain conditions on the exercise of the court's authority to, inter alia, modify or change probation. For example, a hearing is required, reasons must be given, and notice must be given to the probation officer before any term of probation is modified. (§ 1203.3, subds. (b)(1), (b)(1)(A), (b)(2).) Nevertheless, the statute states that nothing in section 1203.3 is to be construed to prohibit the court from modifying a restitution order under section 1202.4, subdivision (f) at any time, which is what occurred in this case. (§ 1203.3, subd. (b)(5).) Defendant's consent was not required.

## III. Defendant's Due Process Rights Were Not Violated

Defendant argues that the July 2012 order was void as a matter of law for lack of notice and opportunity to be heard. She points out that there was no notice of motion and no ex parte application stating why notice should not be given. As a result, she was denied due process.

The record of the hearing on the motion to vacate the July 2012 order shows that counsel for the Estate, Antonio R. Sarabia, told the court that he drafted the order with the People and showed it to Mr. Hallet, who was defendant's counsel of record, stating, "This is the order we're going to ask the district attorney to file. If you disagree, give me

6

some hearing dates, or we're going to submit it." Mr. Hallet did not provide any hearing dates. Mr. Sarabia learned that another law firm, defendant's current firm, might be involved in defendant's case, and he provided that firm with the order as well. Mr. Sarabia asked if the firm would be appearing in the case, and the answer was, "We don't know." Mr. Sarabia stated, "So at that point, I said, 'You know, I'm just going to file it.'" Paul Eisner, defendant's current attorney, stated, "We made it very clear to Mr. Sarabia that we did not agree with the order. This was issued without notice and a hearing to have this entered."

Assuming that, as Mr. Eisner asserted, Mr. Sarabia was aware that defendant's counsel was not in agreement with the restitution order that Mr. Sarabia had drafted with the People, Mr. Sarabia should have noticed a hearing rather than place the burden on defendant. The failure to provide notice is, however, subject to harmless error analysis. (Cal. Const., art. VI, § 13.) We agree with the trial court that defendant had her hearing on August 31, 2012, when the motion to vacate the July 2012 order was heard. In *Melissa J. v. Superior Court* (1987) 190 Cal.App.3d 476, the victim of criminal conduct sought a writ of mandate to set aside a ruling that terminated restitution and that was made without notice to her or an opportunity to object to the defendant's motion. (*Id*. at p. 477.) While recognizing that the trial court erred in terminating restitution without first satisfying itself that the petitioner had been properly notified of the hearing, the court noted that the petitioner need not have sought a writ. She could have received the same relief by moving the trial court to vacate its ruling terminating restitution. (*Id*. at pp. 478-479.) The same is true in the instant case, and, in her motion to vacate, defendant was able to raise all of the issues she would have raised at the hearing on the modification.

At oral argument, counsel contended that defendant was prejudiced because the motion to quash was merely procedural in nature. He asserted that a restitution hearing is not procedural and is based on the defendant's ability to pay. Counsel stated that defendant was never given the right to show what she was able to pay, and no judge ever evaluated her ability to pay. We note that the record shows that defendant was granted a hearing on her ability to pay after her motion to quash was denied. The hearing was set

7

for November 30, 2012, and defendant was ordered to report to the financial evaluator for a re-evaluation of her ability to pay. Defendant was given the opportunity to obtain the evaluation that she asserts was lacking. Therefore, defendant suffered no prejudice and no violation of her due process rights.

## IV. The Trial Court Did Not Err in Ordering Interest from Date of Loss

Defendant contends that, even if the July 2012 modification was valid, the order and abstract of judgment erroneously imposed interest from the date of loss, which was determined to be March 15, 2006. Defendant bases this argument on what she views as a conflict between sections 1202.4, subdivision (f)(3)(G) and 1214.5, subdivision (b) as to the date from which interest on restitution can begin to run. Based on section 1214.5, defendant argues that interest can accrue only from the date of judgment or order.

Section 1214.5 provides for interest on restitution as a condition of probation only. Section 1214.5 specifically refers to restitution under section 1203.1, the statute governing grants of probation. Section 1203.1 provides that in an order granting probation, "[t]he court shall provide for restitution in proper cases." (§ 1203.1, subd. (a)(3).) Section 1214.5 provides: (a) In any case in which the defendant is ordered to pay more than fifty dollars ($50) in restitution as a condition of probation, the court *may*, as an additional condition of probation since the court determines that the defendant has the ability to pay, as defined in Section 1203.1b(b), order the defendant to pay interest at the rate of 10 percent per annum on the principal amount remaining unsatisfied. [¶] (b)(1) Except as provided in paragraph (2), interest commences to accrue on the date of entry of the judgment or order. [¶] (2) Unless the judgment or order otherwise provides, if restitution is payable in installments, interest commences to accrue as to each installment on the date the installment becomes due." (Italics added.)

Section 1214.5 reflects the discretionary choices of a trial court when it awards restitution as a condition of probation. "In both sections 1203.1 and 1202.4, restitution serves the purposes of both criminal rehabilitation and victim compensation. But the statutory schemes treat those goals differently. When section 1202.4 imposes its mandatory requirements in favor of a victim's right to restitution, the statute is explicit

8

and narrow. When section 1203.1 provides the court with discretion to achieve a defendant's reformation, its ambit is necessarily broader, allowing a sentencing court the flexibility to encourage a defendant's reformation as the circumstances of his or her case require." (*People v. Anderson* (2010) 50 Cal.4th 19, 29.) "Restitution 'impresses upon the offender the gravity of the harm he has inflicted upon another and provides an opportunity to make amends.' [Citation.]" (*Id.* at p. at p. 27.) In addition, a defendant who violates this condition, or any other condition, of probation becomes subject to revocation of probation and the imposition of a prison sentence.

In the instant case, the trial court specified that defendant was to "make restitution to Ms. Johnston's estate pursuant to 1202.4(f)." The trial court also said that this would "obviously" be a condition of probation because, under section 1202.4, the trial court is required to make the payment of victim restitution a condition of probation in every case in which the defendant is granted probation. (§ 1202.4, subd. (m).) The fact that victim restitution is a condition of probation does not remove it from the purview of section 1202.4, whose narrow goal is compensation to the victim. The statute states that "[i]t is the intent of the Legislature that a victim of crime who incurs an economic loss as a result of the commission of a crime shall receive restitution directly from a defendant convicted of that crime." (§ 1202.4, subd. (a)(1).) And, as noted, the statute provides in subdivision (f)(3)(G) that the trial court is required to order "[i]nterest at the rate of 10 percent per annum, that accrues as of the date of sentencing or loss, as determined by the trial court." Section 1202.4 subdivision (f) expressly authorizes the court to order interest from either the date of loss or the date of judgment. Therefore, the trial court's award of interest from the date of loss was authorized.[4]

---

[4]     With respect to defendant's complaints that the July 2012 order does not mention the offset for amounts already paid, we note that the CR-110 form that was filed by Mr. Sarabia is intended to summarize the total amount of restitution awarded. It does not purport to abrogate the stipulation with respect to the offset or the monthly payment plan.

9

## DISPOSITION

The judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


                                              BOREN, P.J.

We concur:


CHAVEZ, J.


FERNS, J.*

---

\*      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.